UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
Bangor Division

| | |
|---|---|
| CALVARY CHAPEL BELFAST,<br><br>　　　　*Plaintiff*;<br>　　v.<br><br><br>UNIVERSITY OF MAINE SYSTEM, et al.,<br><br>　　　　*Defendants*. | Case No. |

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY
## AND MEMORANDUM OF LAW

Pursuant to Local Rule 7 and Fed. R. Civ. P. 26, Plaintiff Calvary Chapel Belfast (the "Church") hereby moves the Court for limited expedited discovery in advance of any hearing on its motion for preliminary injunction, filed simultaneously herewith. Specifically, the Church seeks to propound one, narrowly tailored six-item request for production of documents[1] and to depose Defendant Ryan Low, Defendant University of Maine System's (UMS) Vice Chancellor of Finance and Administration.[2]

## MEMORANDUM OF LAW

The Court has good cause to permit limited expedited discovery. *First*, the Church seeks expedited discovery to provide the Court with a fuller record with which it may evaluate its pending motion for preliminary injunction. *Cf. Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, 2024 WL 4453315, at *1 (N.D. Cal. Oct. 8, 2024) (granting expedited discovery, noting that "a preliminary injunction is now

---

[1] The proposed request for production of documents is attached as **Exhibit A**.

[2] The proposed notice of deposition is attached as **Exhibit B**.

pending, and the Court has limited the scope of discovery requests so that they are narrowly tailored to the subject matter at issue in the preliminary injunction").

*Second*, the Church is likely to succeed on the merits of its Fourteenth Amendment Equal Protection claim that Defendants discriminated against it on the basis of religion. The Equal Protection Clause prohibits government actors from allowing animus to influence their decision-making. *See Assoc. of Relatives and Friends of AIDS Patients (A.F.A.P.S.) v. Reguls. & Permits Admin. or Administracion de Reglamentos y Permisos*, 740 F. Supp. 95, 103 (D.P.R. 1990). UMS's decision to rescind the bid award was not based on any legitimate criteria, but was a response to the anti-religious animus of community members against the Church. (Verified Complaint, "V. Compl.," ¶¶47-81.) This clear violation of the Church's rights has caused the Church to suffer irreparable harm, thus warranting injunctive relief.

*Third*, Defendants will face no undue burden from expedited discovery. The Church's production request is narrowly tailored to focus on key documents and communications that relate to Defendants' motivations and actions surrounding the rescission. Further, deposing Defendant Ryan Low is critical because he was directly involved in reversing the Church's award and has knowledge of the motivations, pressures, and communications that influenced his decision. (*See* V. Compl. ¶¶82-121.)

*Fourth*, the request for expedited discovery is timely and necessary, as the forthcoming preliminary-injunction hearing will focus on Defendants' motivations for rescinding the Church's winning bid. Without access to these documents and

testimony, the Church will be at a significant evidentiary disadvantage in presenting its arguments. In sum, good cause exists for limited expedited discovery; therefore, the Court should grant Plaintiff's Motion for Expedited Discovery.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized … by court order." Fed. R. Civ. P. 26(d)(1). A party may obtain expedited discovery before the Rule 26 conference upon a showing of good cause. *See KPM Analytics N. Am. v. Blue Sun Sci., LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021). In considering whether a party's request for expedited pre-conference discovery is reasonable, courts look at a variety of factors including "the purpose for the discovery, the ability of the discovery to preclude demonstrated irreparable harm, the plaintiff's likelihood of success on the merits, the burden of discovery on the defendant, and the degree of prematurity." *McMann v. Doe*, 460 F. Supp. 2d 259, 265 (D. Mass. 2006)). The Church satisfies each of these criteria

## ARGUMENT

**A.    Expedited discovery is reasonable because its purpose is to gather relevant information to support the Church's motion for preliminary injunction and will preclude irreparable harm.**

Expedited discovery is particularly warranted when it serves a legitimate, urgent purpose—here, to gather crucial information that will support the Church's motion for a preliminary injunction. Courts have repeatedly recognized that early discovery is appropriate when the information sought is necessary to support a movant's claims in time-sensitive motions like preliminary injunctions. *See, e.g.*,

*Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, No. 1:21-CV-658, 2021 WL 1740582, at \*2 (M.D. Pa. May 3, 2021) ("The fact that a party has sought a preliminary injunction is an important factor in considering whether expedited discovery should be permitted."); *Better Packages, Inc. v. Zheng*, No. Civ. A 05-4477(SRC), 2006 WL 1373055, at \*3 (D.N.J. May 17, 2006) ("If narrowly tailored to fit the needs of a preliminary injunction hearing, leave to conduct expedited discovery should be granted.").

Here, the Church is seeking to demonstrate with evidence of Defendants' discriminatory intent behind the rescission of the bid award, which the Verified Complaint plainly and plausibly alleges. (V. Compl. ¶¶64-173.) This information goes to the heart of the Church's Equal Protection and Free Exercise causes of action and will directly support the Church's argument that it is likely to succeed on the merits of those claims. (*See* Motion for TRO and Preliminary Injunction, "Mot. TRO/Prelim. Inj.," 3-15.) Without access to this information, the Church would be constrained in presenting a comprehensive and necessary preliminary-injunction record for the Court's consideration, potentially allowing Defendants' discriminatory conduct to continue unchecked. *Cf. Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 5:24-cv-6340-EJD, 2024 WL 4453315, at \*1 (N.D. Cal. Oct. 8, 2024) (granting motion for expedited discovery, noting that "a preliminary injunction is now pending, and the Court has limited the scope of discovery requests so that they are narrowly tailored to the subject matter at issue in the preliminary injunction hearing").

Therefore, the request for expedited discovery is reasonable and tailored to the Church's need to prove the religious discrimination demonstrated in its Complaint.

Furthermore, expedited discovery will preclude irreparable harm by equipping the Church with the critical evidence it needs to substantiate its motion for preliminary injunction. The Church is facing an immediate and irreversible loss of constitutional rights, along with the loss of its opportunity to purchase the Hutchinson Center, a property uniquely suited to its mission of worship, outreach, and community support. (V. Compl. ¶¶174-178; Mot. for TRO/Prelim. Inj., 16-17.) Without expedited access to documents and testimony that shed light on Defendants' discriminatory intent and procedural irregularities, the Court will be deprived of the presentation of a full and complete picture of Defendants' discrimination. *Cf. Wheeler v. HXI, LLC*, No. 10-cv-145-JD, 2010 WL 3023518, at *2 (D.N.H. July 28, 2010) (granting limited expedited discovery, noting that "discovery limited in scope and form to probe only whether HXI suffered irreparable losses is appropriate"). The resulting harm is not just theoretical—it is tangible, as the Church has already lost its rightful place as the highest-scoring respondent under RFP 2024-048 (V. Compl. ¶¶47-49), which cannot be remedied absent injunctive relief. (Mot. TRO/Prelim. Inj., 16-17.) In short, expedited discovery is the only mechanism to ensure that the Church and the Court has a full evidentiary record to adjudicate the Church's motion for preliminary injunction.

**B.    The Church is likely to succeed on the merits of its Equal Protection claim because Defendants intentionally discriminated against it on the basis of religion.**

At a minimum, the Church is likely to prevail on its claim that Defendants discriminated against it on the basis of religion in violation of Fourteenth Amendment's Equal Protection Clause. (*See* Mot. TRO/Prelim. Inj., 3-10.)[3] To show a violation of the Equal Protection Clause, a claimant must establish that the government decision was motivated at least in part by discriminatory intent. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). "A plaintiff may either show intentional discrimination through direct evidence or establish an inference of discrimination through circumstantial evidence." *Church of Scientology of Georgia, Inc. v. City of Sandy Springs, Ga.*, 843 F. Supp. 2d 1328, 1371 (N.D. Ga. 2012). "Circumstantial evidence includes the historical background of the decision, the specific sequence of events leading up to the challenged decision, departures from the normal procedural sequence, and contemporary statements by members of the decisionmaking body." *Valentin v. Town of Natick*, 633 F. Supp. 3d 366, 374 (D. Mass. 2022) (quoting *Arlington Heights*, 429 U.S. at 267–68) (cleaned up). "Particularly relevant to this case, a government decision influenced by community members' religious bias is unlawful, even if the government decisionmakers display no bias themselves. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019), *as amended* (Feb. 25, 2019) (citing *City of Cleburne v.*

---

[3] Plaintiff incorporates by reference its Motion for TRO/Preliminary Injunction as if fully set forth herein.

*Cleburne Living Ctr.*, 473 U.S. 432, 448 (1985)). "Such impermissible influence may be inferred where expressions of community bias are followed by irregularities in government decision-making." *Ibid*.

Here, the evidence paints a striking picture of selective treatment based on religious animus. (V. Compl. ¶¶51-81.) The Church was awarded the Hutchinson Center bid as the highest-scoring respondent, meeting all requirements outlined in RFP 2024-048. (*Id.*, ¶¶47-49.) Yet, after facing vocal opposition from community members hostile to the Church's religious beliefs (*id.*, ¶¶51-81), Defendant Ryan Low abruptly rescinded that award, pointing to alleged concerns over the location of the Networkmaine data hub. (*Id.*, ¶¶88, 93.) But as the Verified Complaint demonstrates, those stated concerns were pretextual because the network hub's location was easily negotiable—had Defendants been willing. (*Id.*, ¶¶97-146.) The Church stood ready, willing, and able to negotiate the purported concerns over the network hub (*id.*, ¶98), and the Church engaged in such discussion prior to the rescission of its prior award. (*Id.*, ¶¶114-118.) The sequence of events, in which UMS officials responded to community pressure by reversing course and penalizing the Church, shows precisely the kind of improper decision-making evincing discriminatory intent to support an Equal Protection claim. (V. Compl. ¶¶91-145.)

Discriminating against the Church advances no compelling interest. (*See* Mot. TRO/Prelim. Inj., 14.) UMS's purported reason for the rescission—concerns over the relocation costs of the network hub—fails to rise to the level of an essential governmental interest that could justify religious discrimination, particularly given

that they were transparently pretextual. *Cf. Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972) (holding that "[o]nly those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion"). Even if the rescission served a compelling interest, it is not narrowly tailored to that end. (Mot. TRO/Prelim. Inj., 15.) UMS could have engaged in straightforward negotiation with the Church to address the network hub's location—a solution that the Church had already proposed and that the parties had previously contemplated. (V. Compl. ¶¶98-118.) Instead, UMS opted for the most restrictive and punitive measure: complete rescission of the bid award solely on the basis of the Church's religious views that sparked outrage in the community. (*Id.*, ¶¶51-81.) In light of the Church's willingness to negotiate the network hub's location (*id.*, ¶¶98-118) and the fact that the Church still scored the highest on the Networkmaine category in the second bid process (*id.*, ¶¶157-158, 161-162), Defendants' decision to rescind the award was not intended to address an objective concern but rather to gerrymander the Church out of the purchasing process. In all events, the Church is likely to succeed on the merits of its Equal Protection Claim.

## C. Defendants will not be burdened by expedited discovery because the request is focused and narrowly tailored.

Expedited discovery in this case is carefully designed to impose minimal burden on Defendants. The Church's request is both specific and limited, focusing on a narrow range of documents and communications directly relevant to its Equal Protection claim and its motion for a preliminary injunction. Courts favor narrowly tailored discovery requests that do not impose significant burdens on the opposing

party, especially when the discovery is intended to clarify critical issues in time-sensitive litigation. *Cf. KPM Analytics N. Am. v. Blue Sun Sci., LLC*, 540 F. Supp. 3d 145 (D. Mass. 2021) (finding that good cause existed for limited expedited discovery prior to discovery conference in part because plaintiff demonstrated a reasonable likelihood of success on the merits of its preliminary injunction and expedited discovery would have provided a more fulsome record to consider the preliminary injunction). The Church seeks only documents and communications related to the decision to rescind the bid award, which are undoubtedly readily available and not unduly burdensome to produce. In fact, responding to this focused discovery request will likely require minimal effort from Defendants, particularly given their admitted obligation to maintain transparency as a public institution, including in the bidding process. (V. Compl., Ex. A, 4 (noting that all responses to the RFPs are governed by public records laws.) Thus, Defendants can hardly object to discovery requests requiring them to produce that which they readily admit are public records.

Moreover, deposing Defendant Ryan Low would impose only a minimal burden on Defendants. The deposition would be limited to four hours and would focus solely on Low's role and decision-making process in rescinding the Church's award. Given Mr. Low's central involvement in this decision (V. Compl. ¶¶86-112, 129-131), his deposition is critical to understanding the motivations and pressures underlying his pretextual actions. Indeed, as the Verified Complaint plainly demonstrates, Defendant Low was the sole individual with exclusive authority to rescind the Church's award and adjudicate the appeals of the dissatisfied bidders, and his

decision was final and unappealable. (*Id.,* ¶¶89 and Ex. I.) *Cf. Jimenez v. Nielsen*, 326 F.R.D. 357, 359 (D. Mass. 2018). Accordingly, Defendants will face no undue burden in complying with expedited discovery.

**D.    Expedited discovery is not premature because it directly relates to the forthcoming hearing on the Church's motion for preliminary injunction.**

Expedited discovery is timely and necessary given the Church's motion for a preliminary injunction. Courts have recognized that discovery requests aimed at gathering evidence for preliminary-injunctive relief are not premature when such information is critical to resolving the motion. *Cf. Four Women Health Servs., LLC v. Abundant Hope Pregnancy Res. Ctr., Inc.*, No. 1:24-cv-12283-JEK, 2024 WL 4425558, at *3 (D. Mass. Oct. 4, 2024) ("Given the pendency of the motion for a preliminary injunction, Four Women's discovery requests are not premature.") Indeed, "Rule 26(d) recognizes that early discovery 'will be appropriate in some cases, such as those involving requests for a preliminary injunction.'" *Id.* (quoting Fed R. Civ. P. 26(d), Adv. Comm. Notes 1993 Amendments).

Here, the discovery sought by the Church is directly tied to the issues that will be litigated to determine the appropriateness of preliminary injunction, including in any hearing concerning the preliminary injunction, particularly Defendants' motivations for rescinding the bid award and whether those actions were discriminatory. Given that the Court must assess the merits of the Church's constitutional claims, the discovery request is appropriately timed to ensure a full and fair evaluation of the issues at stake. Therefore, granting expedited discovery is both reasonable and necessary for the upcoming proceedings.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion for expedited discovery.

Dated: November 19, 2024                    Respectfully submitted,

/s/ Stephen C. Whiting                      /s/ Daniel J. Schmid
Stephen C. Whiting                          Horatio G. Mihet*
(ME Bar No. 559)                            Daniel J. Schmid*
THE WHITING LAW FIRM                        Richard L. Mast*
75 Pearl Street, Suite 207                  LIBERTY COUNSEL
Portland, ME 04101                          P.O. Box 540774
(207) 780-0681                              Orlando, FL 32854
steve@whitinglawfirm.com                    (407) 875-1776
                                            court@lc.org
                                            hmihet@lc.org
                                            dschmid@lc.org
                                            rmast@lc.org

                                            *pro hac vice
                                            applications forthcoming

            Attorneys for Plaintiff